**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RICHARD GEORGE: McGUIRE
All rights reserved
c/o: non-domestic
3339 North Victoria Street; near
St. Paul, Minnesota Republic (state),

Plaintiff,

No. 00 Civ. 1874 DDA/FLN

v.

**ORDER**

THE CITY OF SHOREVIEW,
THE COUNTY OF RAMSEY,
THE SHERIFF OF RAMSEY COUNTY,
LAWRENCE D. COHEN, JOHN MICHAEL
MILLER, STEVEN DOUGLAS NELSON,
and BOB FLETCHER

Defendants.

---

This matter is before the Court on Plaintiff's motion for a temporary restraining order. The Court concludes sua sponte that it is without subject matter jurisdiction and will dismiss the action.

**BACKGROUND**

Plaintiff, acting pro se, admits to be something of a "pack rat" because he likes to collect vehicles and equipment, which he stores in his yard in the City of Shoreview in violation of the City's municipal code. After repeated attempts to require Plaintiff to bring his property into compliance with the municipal code, the City brought an action in the Ramsey County District Court to enforce compliance. Plaintiff argued that the state court lacked both personal and subject matter jurisdiction because he claims that he is not a resident of the State of Minnesota or a citizen of the United States. He claims instead that, through a process of expatriation, he is a member of the "Minnesota Republic (state)." The district court, Judge Lawrence D. Cohen, rejected Plaintiff's challenges to jurisdiction, and Plaintiff appealed to the Minnesota Court of Appeals. This appeal apparently was denied, and, on August 3, 2000, the district court allegedly issued an order permitting the City to employ necessary means to bring Plaintiff's property into compliance with the municipal

FILED AUG 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD AUG 14 2000
DEPUTY CLERK

code. Plaintiff brought an action in this Court and now seeks a temporary restraining order to prevent the City from carrying out the district court's order.

**DISCUSSION**

This Court has a duty to review its jurisdiction and dismiss a case if jurisdiction is lacking. See Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 119 S.Ct. 1563, 1570, 143 L.Ed.2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Plaintiff appears to rest jurisdiction under both diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. Neither one grants jurisdiction under the facts alleged in the Complaint. To have diversity jurisdiction, Plaintiff must establish that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1)-(2). Here, Plaintiff has failed to allege that the matter in controversy exceeds the requisite amount, thus making dismissal proper. See Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) ("The district court should dismiss for lack of jurisdiction when it appears to a 'legal certainty' that the plaintiff cannot satisfy the jurisdictional amount."). In addition, Plaintiff has failed to establish diversity of citizenship. See United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting as "frivolous" taxpayers' argument that they were not citizens of the United States, but rather "Free Citizens of the Republic of Minnesota").

Jurisdiction also is lacking under federal question jurisdiction. 28 U.S.C. § 1331 authorizes original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff has not alleged a valid claim under the Constitution. Moreover, his claim that Defendants somehow have violated his rights under the Hague Conference on Private

International Law Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (the "Hague Convention") is without merit. For example, neither the Plaintiff nor the alleged "Minnesota Republic (state)" are signatory States under the Hague Convention, nor have either the Plaintiff or the alleged "Minnesota Republic (state)" acceded to the Hague Convention. See Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, concluded, Oct. 5, 1961 [hereinafter "Hague Convention"]; see also Trans World Airlines, Inc. v. Franklin Mint Corp., 466 U.S. 243, 253, 104 S.Ct. 1776, 1783, 80 L.Ed.2d 273 (1984) ("A treaty is in the nature of a contract between nations."). Moreover, the Hague Convention only applies "to documents which have been executed in the territory of one Contracting State and which have to be produced in the territory of another Contracting State." Hague Convention, supra, art. I (emphasis added). Thus, the Hague Convention has no bearing on documents executed by this country and offered in this country. Thus, as a matter of law this case does not arise under a treaty of the United States.

Finally, this is a proper case for the Court to abstain under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (ordinarily a federal court should not enjoin the right of a state to enforce its laws in its own courts).

* * *

Accordingly, upon its review of the files, motions and proceedings herein, it is hereby ORDERED that Plaintiff's Motion for a Temporary Restraining Order is DENIED and the Complaint is DISMISSED in its entirety for lack of subject matter jurisdiction.

DATED: August 14, 2000

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: AUG 14 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995